HORATIO MOSES and JOHN C. MOSES *vs.* RALPH THOMAS.

1. A defendant in execution is not entitled to claim an exemption of $200 worth of goods after he has made an assignment for the benefit of his creditors.

2. The sheriff, holding a *fi. fa. de bonis,* may make a levy and in-

Moses v. Thomas.

ventory of part of defendant's goods, and afterwards, before the writ is returnable, may levy on and inventory other goods, and his right to do this is not affected by the defendant making an assignment prior to the second levy.

3. An execution delivered to the sheriff, and by him endorsed, will be considered as delivered to be executed, according to the command of the writ, although the plaintiff directed part of the goods to be levied on.

4. If a judgment by confession for the purpose of preferring creditors, be void within the meaning of the act respecting assignments, it must be a judgment confessed in contemplation of an assignment, and with a view to give a preference over creditors claiming under the same.

5. A creditor who puts in a claim under an assignment, does not thereby waive his lien under an execution.

---

The facts of this case sufficiently appear in the opinion of the court.

The case was argued before Justices ELMER, POTTS, and VREDENBURGH, by *Gledhill*, for the plaintiffs, and *Barkalow*, for the assignee.

ELMER, J. A judgment was entered in this court, in favor of Horatio Moses and John C. Moses, against Ralph Thomas, on the fourteenth day of December, 1855, and a *fi. fa. de bonis* issued thereon, returnable to the ensuing February Term, endorsed to levy the sum of $731.61 and interest. The writ was delivered to the sheriff on the seventeenth of December. The defendant, being engaged in the business of a tinsmith and stove dealer, and it being the intention to permit him to continue in his business, a list of his tools and leasehold property was made by him, and handed to the sheriff, who thereupon made a levy and inventory thereof, dated January 16th, 1856. On the thirteenth day of January, the defendant made an assignment of all his property to Cornelius S. Van Wagoner, for the benefit of his creditors. On the following day, the sheriff made an inventory and levy of the remaining property of the defendant, being the same goods contained in the inventory annexed to the assignment. When the sheriff advertised the property for sale, on the twelfth day of

February, the assignee claimed all the goods not included in the sheriff's first inventory, and thereupon the sheriff sold what was so included, to the amount of $336.07, and adjourned the sale of the remainder until the 23d. On that day, the parties agreed that the remaining property should be sold by the assignee, and the proceeds brought into court, subject to its opinion. The sum raised by this last sale was $505.93, which being paid to the clerk, a rule was obtained, at the last term, on behalf of the plaintiff, that Mr. Van Wagoner, the assignee, should show cause why so much of the last-mentioned sum as will be sufficient to satisfy the· balance due on the execution should not be paid over to the plaintiffs; and affidavits having been duly taken and read, it is now moved to make the· rule absolute.

On behalf of the assignee, several reasons are relied on in opposition to this, which I will notice in the order they were presented. First, it is insisted that the defendant is entitled to two hundred dollars of the money, he having, on the sixth day of February, served on the sheriff a written claim of goods to that amount. He was undoubtedly entitled to retain goods of the value of two hundred dollars as against the plaintiffs' execution. But when he assigned all his property under the act, he divested himself of all right to those goods, and could no longer claim them. If they had been actually appraised and set off to him before the execution of the assignment, they would have passed to the assignee, in whose hands the proceeds would belong to the plaintiffs. And besides, the defendant himself has not interposed this claim, and is not before the court.

Another objection to the plaintiffs' claim, and the one most strongly insisted on, is that, by the inventory and levy made on the sixteenth of January, they were precluded from any further or other levy afterwards. What was done on that day, it is urged, amounted to a waiver of any right to seize other goods. It satisfactorily appears

that the design was to permit the defendant to go on with his business until near the return day of the execution, and that, to enable him to do this, his salable articles were not included in the inventory, and that they were omitted by the plaintiffs' consent. But nothing like a waiver of the right to make an additional inventory and levy is shown; on the contrary, the weight of evidence is that the express design of the mode of procedure adopted was to withhold some of the goods from the inventory for a time, and then to seize and inventory them, if the plaintiffs thought proper. An additional inventory and levy was made before the return of the writ. No rule of law forbids the sheriff from seizing part of the goods at one time, and afterwards more, if those first taken are not sufficient. By the common law, a *fi. fa. de bonis* bound the property from its *teste*, except in cases of sales in open market. Our statute declares that no execution shall bind the property or goods but from the time it shall be delivered to the sheriff to be executed. *Nix. Dig.* 248, § 3. The writ was delivered to the sheriff long before the date of the assignment, and bound all the property the defendant had at any time before the return day. It is not pretended that the assignee comes within the fifth section, which provides, that if any person shall purchase in good faith of the defendant any goods or chattels, and pay for the same prior to the actual levy of the execution, and without notice thereof, the title of the purchaser shall not be divested by the fact of the delivery before the purchase was made. The sheriff's right to take the goods was, therefore, not affected by the assignment.

It was said, however, in the argument, that the execution was not in fact delivered to the sheriff "to be executed;" but that it was put into his hands for a special purpose, namely, that it might be levied on certain goods, as was done on the sixteenth of January. The facts, however, do not sustain this view of the case. The sheriff

endorsed on the writ the time he received it, as required by the statute, and was not in any way restrained from executing it fully. He had no stay of proceedings or written directions of any kind. The most that is shown is, that the plaintiffs directed a partial levy, and that the defendant supposed that only the goods first inventoried were liable to be sold. There was no agreement, in terms or implied, that an additional levy should not be made, if it became necessary.

A third objection to the plaintiffs' claim is, that their judgment was by confession, for the purpose of preferring them as creditors, and is prohibited from being set up against the assignee by the first section of the assignment act. *Nix. Dig.* 27. There is no evidence that the debtor contemplated any assignment when the judgment was confessed, or that the plaintiffs had any knowledge of his intention to make one. The section referred to has no application to this case. If it is to be considered as prohibiting preferences not made in the deed of assignment itself, it prohibits such only as were made in contemplation of an assignment. Any other construction of the act would enable the debtor at any time to supersede a confessed judgment by afterwards making an assignment.

. It was lastly objected, that inasmuch as it appears that the plaintiffs, on the 26th of April, filed a claim under the assignment for the balance of their judgment, they thus waived their right under the execution. There is nothing in this objection. That claim was merely provisional and by way of precaution. The debt being still unsatisfied, the plaintiffs had a right to put in their claim, but they did not thereby waive their lien on the goods. The case of *Vanderveer* v. *Conover*, 1 *Harr.* 487, decides that a judgment creditor who claims under an assignment cannot afterwards enforce that judgment against after-acquired property; but it was not held that the creditor waived existing liens. If the plaintiffs obtain their money by

means of their lien, their claim will thus be satisfied, and the rights of all parties will be protected. The rule to show cause must be made absolute, with costs.

‹ Justices POTTS and VREDENBURGH concurred.

AFFIRMED, 2 *Dutch.* 570. *Cited in Bell* v. *Fleming's Ex.,* 1 *Beas.* 30.